16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Khalil-Ullah Abdul AL-MUHAYMIN, Plaintiff-Appellant,
v.
Richard KENYON, Dr., Institutional Chaplin; STEVE DOTSON,
Associate Warden of Operation; Roy O'Steen, Fire
& Safety Officer; Robert Conley,
Defendants-Appellees.
 No. 93-5835.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1994.
 
 Before: KENNEDY, JONES and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Khalil-Ullah Abdul Al-Muhaymin, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Al-Muhaymin sued various state prison officials employed at the Lake County Regional Correctional Facility (LCRCF), including the chaplain (Kenyon), the associate warden of operation (Dotson), the fire and safety officer (O'Steen), and the warden (Conley). The defendants are sued in both their individual and official capacities. Al-Muhaymin alleged that the defendants violated his First Amendment right to free exercise of religion when they: 1) prohibited him from buying, selling, using and possessing prayer oils; 2) denied him the right to purchase Halal (lawful) meat without requiring that it be delivered in refrigerated trucks; and 3) denied him the right to receive holiday food packages during March, the Islamic holy month of Rhamadan. Al-Muhaymin also alleged that the defendants violated the Establishment Clause of the First Amendment when they subjected him to Christmas parties and decorations and to proselytizing from Christian volunteers. Finally, he alleged that the defendants retaliated against him for filing the instant complaint by placing him in segregation.
 
 
 3
 Upon review, we conclude that the district court properly granted summary judgment to the defendants as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The regulations in question simply do not violate Al-Muhaymin's First Amendment right to freely exercise the religion of his choice. See Turner v. Safley, 482 U.S. 78, 89-91 (1987); Pollock v. Marshall, 845 F.2d 656, 658-59 (6th Cir.), cert. denied, 488 U.S. 897 (1988). Nor do the defendants actions violate the Establishment Clause. See County of Allegheny v. American Civil Liberties Union, 492 U.S. 573, 596-97 (1989); Barnes v. Cavazos, 966 F.2d 1056, 1062 (6th Cir.1992).
 
 
 4
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.